United States District Court
District of Minnesota

| | |
|---|---|
| ELSIE M. MAYARD, | Court file no. _____ |
| Plaintiff, | |
| v. | |
| XCEL ENERGY, INC., | |
| Defendant. | Complaint |
| | JURY TRIAL DEMANDED |

## I. INTRODUCTION

1. Plaintiff, Elsie M. Mayard, brings this action against Defendant Xcel Energy, Inc. ("Xcel Energy" or "Defendant") to recover damages and other relief available at law for the negligent, knowingly and/or willful conduct of contacting Plaintiff with "pre-recorded voice messages" via her cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et se. [hereinafter "TCPA"].

2. By effectuating these unauthorized telephone calls with "pre-recorded voice messages", Defendant has caused Ms. Mayard actual harm, not only because she was subjected to the aggravation that necessarily accompanies continuous pre-recorded voice calls to her cellular phone, but also because she had to pay her cell phone service providers for the receipt of pre-recorded voice calls, suffered anger, annoyance, and anxiety from the continued barrage of pre-recorded voice calls,

as well as the diminished cellular battery life, wasting of her data storage capacity, and an intrusion upon seclusion.

3. Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited pre-recorded voice messages/calls to cellular telephones. Defendant has called with these unwanted calls in a manner that violates Plaintiff's right of privacy. Defendant continued to call with unwanted pre-recorded voice messages even though consent to be called from the Plaintiff had been revoked. Plaintiff seeks an injunction requiring Defendant to cease all unlawful pre-recorded voice messages/calls and an award of statutory damages, together with costs and disbursements.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Venue in this District is proper because a substantial part of the acts and transactions giving rise to these claims occurred in this district and Plaintiff resides here. Further, Defendant is domestic corporation of the State of Minnesota.

## III. INTERESTED PARTIES

5. Plaintiff, Elsie M. Mayard (hereinafter, "Plaintiff" or "Ms. Mayard"), is a natural person, and a resident of the State of Minnesota, residing in Ramsey County, Minnesota.

6. Defendant Xcel Energy is a domestic corporation with its headquarters in

Minneapolis, Minnesota.

7. Defendant is public utility companies primarily engaged in the generation, purchase, transmission, distribution and sale of electricity and natural gas.

8. Defendant operates in interstate commerce by, among other things, providing these services in multiple states, including Minnesota.

## IV. A BRIEF OVERVIEW OF CALLING CELL PHONES WITH PRE-RECORDED VOICES

9. The TCPA prohibits any unconsented, non-emergency phone calls to a cell phone using either an autodialer or an artificial or prerecorded voice. See 47 U.S.C. § 227(b)(1).

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

11. "Consumers have a right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by

a caller." In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991, 30 FCC Rcd. 7961, 7996 ¶ 64, 2015 WL 4387780 (2015).

## V. FACTUAL ALLEGATIONS SPECIFIC TO MS. MAYARD

12. That prior to June 29, 2015, Defendant provided electric and gas services to Plaintiff and her residence in St. Paul, Minnesota.

13. That prior to June 29, 2015, Plaintiff allegedly incurred an outstanding debt with Defendant, the balance of which remains actively in dispute and controversy with Defendant.

14. That as result of this disputed debt with Defendant, and prior to June 29, 2015, Defendant made telephone calls to Plaintiff on her cellular telephone number XXX-XX-5616.

15. That prior to June 29, 2015, during these telephone calls to Plaintiff's cellular telephone, Defendant would use a pre-recorded voice with a message similar to the following: "This is an urgent message from Xcel Energy for Elsie M. Mayard, please have Elsie M. Mayard contact our office at 888-335-7976 by 9 p.m. central standard time today. Thank you."

16. That upon returning Defendant's "urgent message" telephone calls, Defendant's employees would attempt to collect the disputed outstanding debt from Plaintiff, often inquiring about how payment was going to be made.

17. That prior to June 29, 2015, these "urgent message" calls were nothing more than an attempt by Defendant to collect on an alleged debt from Plaintiff for allegedly

past consumption of gas and electric services.

18. That prior to June 29, 2015, during several of Plaintiff's phone calls returned to Defendant's "urgent message" calls, Plaintiff would verbally request no further calls to her cellular phone.

19. That prior to June 29, 2015, in addition to verbally requesting Defendant stop calling her cellular telephone, on March 22, 2014, Plaintiff registered her cellular telephone number XXX-XX-7976 with the National Do Not Call Registry in an effort to prevent Defendants from continuing to call her cellular telephone with the pre-recorded voice message.

20. That on or about October 28, 2014, and in part because Defendant continued to call Plaintiff with the pre-recorded voice message, Plaintiff contacted the Minnesota Attorney General's office to file a complaint against Defendant.

21. That on March 25, 2015, Plaintiff filed a complaint with the Consumer Protection Financial Bureau ("CFPB") based on the continued calls to her cellular telephone by Defendants.

22. That the complaint to the CFPB on March 25, 2015, informed "Xcel programs my phone and calls me everyday asking the company to stop but refuse to stop call my phone."

23. That on June 29, 2015, with Defendant continually disregarding her verbal attempts to get the Defendant to stop calling her cellular telephone, Plaintiff faxed two letters to Defendant demanding that Defendant stop calling her cellular telephone; one being faxed to 800-985-2895 and the other being faxed to 800-

Page 5 of 12

544-8441.

24. That on June 30, 2015, at 11:14 a.m. CST, Defendant telephoned Plaintiff's cellular telephone ending in 5516, with a pre-recorded voice message that stated:

> "This is an urgent message from Xcel Energy for Elsie M. Mayard, please have Elsie M. Mayard contact our office at 888-335-7976 by 9 p.m. central standard time today. Thank you."

25. That on June 30, 2015, Plaintiff faxed the same letters she faxed to Defendant on June 29, 2015.

26. At approximately 2:58 p.m. CST, confirmation receipt received, Plaintiff faxed the following letter to Defendant at 800-895-2895:

> I got your notice to disconnect my power for July 1, 2015. You do not need to come to my house; you turn off my power on April 17, 2015 I DO NOT HAVE ANY POWER TO MY UNIT. Do not bother coming to my house and leave me alone. Stop calling my cell phone now."

27. At approximately 2:59 p.m. CST, confirmation receipt received, Plaintiff faxed the following letter to Defendant at 800-544-8441:

> "Excel Energy to stop calling my cell phone XXX-XX-5516. Stop calling it ever again for any reason. I do not want you calling me ever again especially with a message machines."

28. Plaintiff's cellular telephone number at all times herein material was XXX-XXX-5516 and was assigned to a cellular telephone service as specified in 47 U.S.C. 227(b)(1)(A)(iii).

29. At all times relevant to this Complaint, Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

30. That on July 7, 2015, Defendant acknowledged receipt of Plaintiff's June 30, 2015, fax when it responded via the mail with an itemization for the account Plaintiff requested along with a letter informing:

> "Thank you for contacting Xcel Energy. We are happy to assist you. Enclosed is the information you requested. If you have any questions, please call our Customer Contact Center at 1-800-895-4999 or visit us at our website www.xcelenergy.com.

31. As a result, Defendant lacked express consent in any form to telephone Plaintiff's cellular telephone ending in 5516 with any pre-recorded voice messages after it received her oral requests to revoke as well as her written revocation requests. That despite not having consent to call Plaintiff's cellular telephone with a pre-recorded voice message, Defendant called Plaintiff on her cellular telephone, number ending in 5516, again on July 7, 2015, at approximately 11:04 a.m. CST, with a pre-recorded voice message that requested a call back to Defendant.

32. On July 14, 2015, Defendant again called the Plaintiff without consent to her cellular telephone and with a pre-recorded voice at approximately 11:36 a.m. CST.

33. That this July 14, 2015, pre-recorded voice message stated:

> "This is an urgent message from Xcel Energy for Elsie M. Mayard, please have Elsie M. Mayard contact our office at 888-335-7976 by 9 p.m. central standard time today. Thank you."

34. Defendant called Plaintiff's cellular telephone, ending in 5516, again on July 21, 2015, without consent to do so and with a pre-recorded voice message at approximately 3:30 p.m. This message stated:

> "This is an urgent message from Excel Energy for Elsie M. Mayard, please have Elsie M. Mayard contact our office at 888-335-7976 by 9 p.m. central standard time today. Thank you."

35. Defendant called Plaintiff's cellular telephone, ending in 5516, again on July 28, 2015, without consent to do so and with a pre-recorded voice message at approximately 11:12 a.m. leaving the following message:

> "... M. Mayard please press one. To put the call on hold while they come to the phone please press two. If they are not available, please press three.

36. Defendant called Plaintiff's cellular telephone, ending in 5516, again on August 4, 2015, without consent to do so and with a pre-recorded voice message at approximately 11:26 a.m.

37. Defendant called Plaintiff's cellular telephone, ending in 5516, again on August 11, 2015, without consent to do so and with a pre-recorded voice message at approximately 11:15 a.m.

38. Defendant called Plaintiff's cellular telephone, ending in 5516, again on August 18, 2015, without consent to do so and with a pre-recorded voice message at approximately 11:14 a.m.

39. Defendant called Plaintiff's cellular telephone, ending in 5516, again on August 25, 2015, without consent to do so and with a pre-recorded voice message at

approximately 11:12 a.m.

40. That these additional calls used pre-recorded voice messages the same and similar to those already described.

41. That the calls that Plaintiff received from Defendant on July 7, 2015, July 14, 2015, July 21, 2015, July 28, 2015, August 4, 2015, August 11, 2015, August 18, 2015, and August 25, 2015, were similar to the calls she received from Defendant prior to June 29, 2015, and were made in an attempt to collect the alleged debt from Plaintiff.

## COUNT I

## NEGLIGENT VIOLATIONS OF § 227(b) OF THE TCPA

42. Plaintiff incorporates the above factual allegations.

43. Defendant made unwanted telephone calls with pre-recorded voice messages to Plaintiff.

44. The pre-recorded voice calls were made without the prior express consent of the Plaintiff.

45. The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

46. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor, and against Defendant for:

   a. Statutory damages of $500 dollars per call for negligent violations of the TCPA;

   b. An injunction requiring Defendant to cease all communications in violation of the TCPA; and

c. Such further relief as this Court may deem appropriate.

## COUNT II

## KNOWING VIOLATIONS OF § 227(b) OF THE TCPA

47. Plaintiff incorporates the above factual allegations.

48. Defendant made unwanted telephone calls with pre-recorded voice messages to Plaintiff.

49. The pre-recorded voice calls were made without the prior express consent of the Plaintiff. Defendant knew or should have known that it did not have consent to call especially after revocation of consent.

50. The aforesaid calls violate the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

51. WHEREFORE, Plaintiff requests that the Court enter judgment in her favor, and against Defendant for:

   a. Statutory damages of up to $1,500 dollars per call for each knowing/willful violation of the TCPA;

   b. An injunction requiring Defendant to cease all communications in violation of the TCPA; and

   c. Such further relief as this Court may deem appropriate.

## VII. JURY DEMAND

52. Plaintiff demands trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 14th day of February 2017.

**JOHNSTON | MARTINEAU, P.L.L.P.**

s/Christopher P. Martineau
Christopher P. Martineau, Esq.
Attorney I.D.#0329265
Christopher A. Johnston, Esq.
Attorney I.D. #031156X
Attorneys for Plaintiff
2233 Hamline Avenue North, Suite 120
Roseville, MN 55113
Telephone: (612) 767-7790
Facsimile: (612) 379-0480
cmartineau@jm-legal.com
cjohnston@jm-legal.com

# **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MINNESOTA   )
                     ) ss
COUNTY OF RAMSEY     )

Pursuant to 28 U.S.C. § 1746, Plaintiff Elsie M. Mayard, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___Feb___ ___9___, ___2017___
             Month      Day       Year

_____Elsie Mayard_____
                                                Signature